IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| CHANEY OSWALD GUMPERT, #317015 § | |
| § | |
| v.  § | CIVIL ACTION NO. G-03-588 |
| § | |
| DOUG DRETKE, DIRECTOR § | |
| OF TDCJ-CID § | |

### REPORT AND RECOMMENDATION

Before the Court is the "Petition for a Writ of Habeas Corpus by a Person in State Custody" filed by Chaney Gumbert, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). The State has custody of Petitioner pursuant to a judgment and sentence of the Criminal District Court No. 2 of Dallas County, Texas. On December 23, 1980, Petitioner pled guilty to aggravated rape and was sentenced to thirty years' imprisonment. On September 11, 2001, Petitioner was released to mandatory supervision. Petitioner was subsequently charged with failing to report to a halfway house immediately upon his release and failing to obtain written permission prior to leaving the state. A revocation hearing was held on December 19, 2001, and mandatory supervision was revoked on January 4, 2002. Petitioner then filed a motion to re-open, and a second hearing was held on June 27, 2002. The Board of Pardons and Paroles ("the Board") continued the revocation in a decision of July 12, 2002. Petitioner subsequently exhausted his state habeas remedies on the revocation issue and filed the instant writ in a timely manner in federal court.

Petitioner first alleges that he has been retaliated against and has been denied his equal protection rights because the Board has refused to interview him for parole. The Constitution limits this Court's jurisdiction to "cases" and "controversies." U. S. Const. Art. III. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980). After filing the instant writ, Petitioner was granted the relief he requests when the Board interviewed him for parole. State's Motion at Ex. B. His claim is therefore now moot, and the Court **RECOMMENDS** that his Petition be **DENIED** on this point.

More substantially, Petitioner also alleges that he was denied the right to confront and cross-examine a witness at the revocation hearing. No witnesses testified at the first hearing. However, the hearing officer admitted over Petitioner's objection an affidavit given by Petitioner's parole officer in Beaumont, Texas – Byron Briscoe – stating that Petitioner was informed before he was released on September 11, 2001, that he must report to a location in Beaumont that evening. Petitioner did not arrive but was arrested on October 4, 2001, in Ohio, having left the state without the required permission. State's Ex. B. Petitioner also objected to the admission of a written statement by Mark James, who appears to have been at the halfway house in question, stating that Petitioner failed to arrive. This objection was sustained, and the statement was not entered.

Significantly, Petitioner admitted during the hearing that he failed to arrive at the halfway house. He also admitted in writing that he was guilty of both parole violations. Id., Ex. A. at 9. During the second hearing, Petitioner was allowed to confront parole officer Briscoe. However, the hearing officer admitted James' statement over Petitioner's objection, finding that James was a non-essential witness whose in-person testimony would have been repetitive of Briscoe's. Id. at 4.

A parolee facing revocation is entitled to an opportunity for a hearing prior to a revocation decision and must be given the right to address both the violation and mitigation factors involved. *Morrisey v. Brewer*, 408 U.S. 471 (1972).  However, he is not entitled to a full panoply of rights because a revocation hearing is not part of a criminal prosecution.  *Id*.  The minimum requirements involve written notice of the alleged violations; disclosure of evidence; the opportunity to be heard and to present witnesses; the right to confront adverse witnesses; a neutral hearing body; and a written statement by the fact finders.  *Id.* at 489.  However, these requirements are not in force when a parolee admits the charged violations.  *U.S. v. Holland*, 850 F.2d 1048, 1050 (5th Cir. 1988); *Willaims v. Johnson*, 171 F.3d 300, 305 (5th Cir. 1999).

In this case, Petitioner alleges neither in his Petition nor his Response that witness James was essential to show potential mitigation factors as to why he did not arrive in Beaumont on the fateful day of September 11, 2001.  Instead, he limits his allegation to the claim that only James knew for sure whether or not, as a matter of fact, he did arrive.  Even assuming that Petitioner's due process rights were violated by the failure to produce James at the hearing, the error was does not give rise to habeas relief.  Habeas can only be granted when the error "had substantial and injurious effect or influence in determining the proceedings's outcome."  *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).  Since Petitioner admitted in writing and at the first hearing that he violated the rules of his parole; parole officer Briscoe testified that Petitioner did not arrive; and Petitioner makes no claim that James had mitigating evidence to offer, there is not a reasonable probability that the outcome would have been different if the State had produced James at the hearing.  *See Williams*, 171 F.3d at 307 (finding similar harmless error when a parolee admits his guilty).  The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this issue.

For these reasons, the Court therefore **RECOMMENDS** that the "Petition for a Writ of Habeas Corpus by a Person in State Custody" (No. 1) of Chaney Gumpert be **DISMISSED in its entirety.**

The Clerk shall send copies of this Report and Recommendation to the Parties. The Parties shall have until **April 15, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____30th____ day of March, 2006.

John R. Froeschner
United States Magistrate Judge